Jean E. Faure (jfaure@faureholden.com)
Jason T. Holden (jholden@faureholden.com)
FAURE HOLDEN ATTORNEYS AT LAW, P.C.
1314 Central Avenue
P.O. Box 2466
Great Falls, MT 59403
Phone: (406) 452-6500
Facsimile: (406) 452-6503

Jennifer M. Studebaker (Jennifer.Studebaker@formanwatkins.com)
Vernon M. McFarland (Vernon.McFarland@formanwatkins.com)
FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201-2375
Phone: (601) 960-8600
Facsimile: (601) 960-8613

Attorneys for Defendant International Paper Company

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| MARY A. ROBERTSON, <br><br> Plaintiff, <br><br> vs. <br><br> INTERNATIONAL PAPER COMPANY; CHAMPION INTERNATIONAL CORPORATION; ST. REGIS CORPORATION; J. NEILS LUMBER COMPANY; MONTANA LIGHT & POWER COMPANY; EVERETT NELSON; RALPH HEINERT; ROBINSON INSULATION COMPANY, <br><br> Defendants. | No. _____ <br><br> **NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE: Pursuant to 28 U.S.C. Sections 1332, 1441 and 1446, Defendant International Paper Company. ("Defendant" or "International Paper") hereby removes this action from the Montana Eighth Judicial District, Cascade County to the United States District Court for the District of Montana, Great Falls Division. The following is Defendant's short and plain statement of the grounds for removal of this civil action:

International Paper would show to the Court, that there is complete diversity because 1) the Court should ignore the domicile of corporations that merged with International Paper, 2) employees of International Paper predecessors are fraudulently joined, and 3) Robinson Insulation Company is fraudulently joined.

1. Plaintiff Mary A. Robertson filed her Original Complaint on May 22, 2014, in the Eighth Judicial District Court of Cascade County, Montana, initiating a civil action styled "Tina Carlock, et al. vs. State of Montana, et al." Case No. DV-7-2014-0408-DS.

2. Plaintiff Mary A. Robertson filed her First Amended Complaint on April 10, 2017 in the Eighth Judicial District Court of Cascade County, Montana. This action is still pending.

3. Plaintiff Mary A. Robertson filed the Instant Complaint on July 17, 2017, in the Eighth Judicial District Court of Cascade County, Montana initiating a civil action styled "Mary A. Robertson vs. International Paper Company, et al."

Case No. ADV-17-0502.

4. Plaintiff's Instant Complaint does not include the claims of the co-plaintiffs in her Original Complaint and asserts claims against International Paper Company, companies that ultimately merged into International Paper Company, employees of companies that ultimately merged into International Paper Company, and Robinson Insulation Company, a dissolved Montana corporation.

5. Plaintiff seeks relief for damages allegedly sustained from exposure to asbestos.

6. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states, disregarding the citizenship of the improperly/fraudulently joined parties, and the amount in controversy exceeds the sum of $75,000, exclusive of costs.

7. Plaintiff Mary A. Robertson was at the time of filing of the Instant Complaint a citizen of the State of Montana.

8. Defendant International Paper Company was at the time of the filing of this action, and still is, a citizen of New York, its state of incorporation, and Tennessee, its principle place of business.

9. Defendants Champion International Corporation, St. Regis Corporation, J. Neils Lumber Company, and Montana Light & Power Company

are predecessor corporations to International Paper Company in that they each merged either with International Paper Company or a predecessor of International Paper.

10. There are no other properly joined defendants to join in this removal.

11. "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and 'the defendant's presence in the lawsuit is ignored for purposes of determining diversity.'" *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

### **Domicile Of Merged Corporations Should Be Ignored**

12. The Instant Complaint names Champion International Corporation, St. Regis Corporation, J. Neils Lumber Company, and Montana Light & Power Company (IP Predecessors) as defendants. For purposes of diversity jurisdiction, their jurisdiction is that of their successor in interest, in this case International Paper.

(a) In the case of merging corporations, the Court looks to the citizenship of the surviving corporation for purposes of diversity jurisdiction. *See Meadows v. Bicrodyne Corp.,* 785 F.2d 670, 672 (9th Cir.1986)

(b) "Subject matter jurisdiction is determined on the basis of the facts that existed at the time the action was filed." *Stock W. Corp. v. Taylor*, 964 F.2d 912, 917 (9th Cir. 1992) (for purposes of diversity jurisdiction, disregarding the state where the defendant had its principal place of business three years before suit, looking only at where it was located at the time the complaint was filed); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." (quotations omitted)).

(c) "For diversity purposes, a party's citizenship is established as of the time the suit is filed. When two corporations merge, the citizenship of the surviving corporation is the only relevant factor for diversity purposes and the citizenship of the predecessor corporation becomes irrelevant." *Haddad v. M & T Bank*, No. CIV. PJM 13-3542, 2014 WL 1870850, at *2 (D. Md. May 6, 2014) (citing, *e.g.*, *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570 (2004))).

### IP Predecessor Employees Are Fraudulently Joined

13. The Instant Complaint names Everett Nelson and Ralph Heinert (Former Mill Managers) as defendants. However, these Former Mill Managers are improperly/fraudulently joined to this action for the sole purpose of defeating diversity jurisdiction. For the reasons set forth below, there is no reasonable basis for this Court to predict Plaintiff can recover against the Former Mill Managers;

thus, their citizenship should be disregarded for jurisdictional purposes. *See United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

(a) The Former Mill Managers were employees of IP Predecessors and were at all times, relevant to the claims of Plaintiff, acting in their official capacities as employees of said entities. Moreover, Plaintiff's complaints identify the Former Mill Managers as "Wood Products Defendants" along with International Paper and IP Predecessors. Plaintiff makes the exact same general allegations against all Wood Products Defendants. *See* Plaintiff's Instant Complaint attached hereto as <u>Exhibit 1</u>.

(b) Under Montana law no claim can be brought against the Former Mill Managers. "As a matter of public policy, the officers and agents of a corporation must be shielded from personal liability for acts taken on behalf of the corporation in furtherance of corporate goals, policies and business interests." *Little v. Grizzly Mfg.*, 636 P.2d 839, 842 (Mont. 1981)

(c) Corporate employees are generally not individually liable for acts taken in the course of their employment. The employee only becomes liable if he acts in his own financial interest or with intent to harm the particular plaintiff. *See Phillips v. Mont. Ed. Ass'n*, 610 P.2d 154, 158 (Mont. 1980) ("Where an officer or director acts against the best interests of the corporation, acts for his own pecuniary benefit, or with the intent to harm the plaintiff, he is personally liable... .

We hold that the corporate veil should not be utilized as a protective device by those who employ corporate power or authority to serve their own ends.... . The privilege of limited liability should be applicable in those situations where actions are motivated and taken in the furtherance of corporate purposes, policies and interests.").

(d) Even if Plaintiff could show that the Former Mill Managers acted in their own financial interest or with intent to harm Mrs. Robertson, they have not met the *Twombly/Iqbal* pleading requirements. Courts only look to the facial allegations in the complaint, and if there is no plausible claim against the in-state defendant, that in and of itself, is sufficient to find that the defendant was fraudulently joined. *See Strizic v. Nw. Corp.*, No. CV 14-40-H-CCL, 2015 WL 1275404, at *3 (D. Mont. Mar. 19, 2015) (Lovell, J.) ("[Plaintiff's] Motion for Remand asserts that Plaintiff properly joined [the employee] as a Defendant because there is a 'possibility' that an unfair trade practices claim could be proven against [the employee]. However, the mere possibility of a claim is not enough. Under the *Iqbal* standard, the claim must be plausible on its face."); *see also Greenberg v. Macy's*, No. CIV.A. 11-4132, 2011 WL 4336674, at *6 (E.D. Pa. Sept. 15, 2011) (Collecting a number of cases and stating, "In deciding whether to remand, some district courts have applied the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v.*

*Iqbal*, 556 U.S. 662 (2009). These decisions require a plaintiff to set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citations & quotations omitted)).

    (e) Plaintiff failed to make any specific factual allegation against the Former Mill Managers as required by the *Twombly/Iqbal* pleading requirements.

    (f) Because there is no possible way under Montana law that Plaintiff may recover against the Former Mill Managers, their citizenship should be disregarded for jurisdictional purposes. *See United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002)*; Strizic v. Nw. Corp.*, No. CV 14-40-H-CCL, 2015 WL 1275404, at *3 (D. Mont. Mar. 19, 2015).

### **Robinson Insulation Company Is Fraudulently Joined**

  14. The Instant Complaint also names Robinson Insulation Company (Robinson Insulation) as a defendant. Robinson Insulation is improperly/fraudulently joined to this action for the sole purpose of defeating diversity jurisdiction. For the reasons set forth below, there is no reasonable basis for this Court to predict Plaintiff can recover against Robinson Insulation; thus, its citizenship should be disregarded for jurisdictional purposes. *See United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

**(1) Robinson Insulation must be dismissed from Plaintiff's Original Action as Plaintiff failed to have a summons issued and served upon Robinson Insulation within three (3) years of filing her complaint.**

(a) Plaintiff Mary A. Robertson filed her Original Complaint on May 22, 2014 listing Robinson Insulation as a defendant. Plaintiff never asked the court to issue a summons for Robinson Insulation nor did Plaintiff serve Robinson Insulation with a summons or complaint. *See* Docket for Original Action attached hereto as <u>Exhibit 2</u>. Thus, it appears that Plaintiff only includes Robinson Insulation in the Instant Action for the purposes of defeating diversity jurisdiction.

(b) In her Original Action, Plaintiff alleges no valid claim under Montana law against Robinson Insulation.

> On or after filing the complaint, the plaintiff or the plaintiff's attorney must present a summons to the clerk for issuance. The clerk must issue and deliver a properly completed summons to the plaintiff or the plaintiff's attorney, who must thereafter deliver it for service upon the defendant as prescribed by these rules. Service of the summons must be accomplished within the times prescribed by Rule 4(t). Upon request, the clerk must issue separate or additional summons against any parties designated in the original action or any additional parties who may be brought into the action. Such separate or additional summons must also be served in the manner and within the times prescribed by these rules. The party requesting issuance of the summons bears the burden of having it properly issued, served, and filed with the clerk.

M. R. Civ. P. 4(c)(1). Furthermore, if Plaintiff does not accomplish service of the complaint and summons within three (3) years of filing the complaint, the court

9

must dismiss the claims against the unserved defendant. M. R. Civ. P. 4(t). Historically, plaintiffs only had one (1) year to issue a summons. *See Sinclair v. Big Bud Mfg. Co.*, 865 P.2d 264 (Mont. 1993) (citing M.R. Civ. P. 41(e)). However, in 2011 the Montana Supreme Court simplified its rules eliminating Rule 41(e) and allowing plaintiffs three (3) years to issue and serve, a summons on a defendant.

      (c)    "The purpose of Rule 41(e), M.R.Civ.P., is to ensure that actions are timely prosecuted." *Sinclair v. Big Bud Mfg. Co.*, 865 P.2d 264, 266 (Mont. 1993). Furthermore, Rule 41(e) did "not afford the District Court discretion to allow further prosecution" of a plaintiff's actions against defendants for which it failed to timely issue and serve a summons. *Id.*

      (d)    It has long been held in Montana "that the failure to issue summons within" the appropriate "time frame entitles a defendant to dismissal." *Id.* (citing *Sooy v. Petrolane Steel Gas, Inc.*, 708 P.2d 1014, 1018 (Mont. 1985). The 2011 consolidation and simplification of the Montana Rules of Civil Procedure did not eliminate the purpose or spirit of the rule. Nor did consolidation remove the strict penalty regarding Plaintiff's dilatory conduct. In fact a district court is required to dismiss the action if the summons was not properly and timely issued. *Id.*

      (e)    Lastly, the fact that Robinson Insulation dissolved is no excuse

10

for her dilatory conduct. Montana courts require at the very least the issuance and attempted service of a defendant. *See MacPheat v. Schauf*, 969 P.2d 265, 268 (Mont. 1998), *as amended on denial of reh'g* (Dec. 30, 1998)(noting that if service is unsuccessful a party may cause additional summons to issue, but still only has three (3) years from the commencement of the action to obtain service).

   (f) Thus, under Montana law, Plaintiff has no viable claim against Robinson Insulation, and it must be dismissed from Plaintiff's Original Action. Moreover, it appears that Plaintiff included Robinson Insulation in the Instant Action for the sole purpose of defeating diversity jurisdiction.

 **(2) Even if Plaintiff timely issued and served a summons against Robinson Insulation, there is no possible way for Plaintiff to recover from Robinson Insulation under Montana law.**

   (a) Robinson Insulation dissolved in 1989, but Plaintiff asserts claims against it alleging that vermiculite traveled by rail to Robinson Insulation's Great Falls plant, where it negligently processed vermiculite and sold it to Libby residents. See <u>Exhibit 1</u> pg. 8-9 and Order Declaring Corporation Dissolved attached hereto as <u>Exhibit 3</u>.

   (b) Montana law permits both known claims, Mont. Code Ann. § 35-1-936, and unknown claims, Mont. Code Ann. § 35-1-937, to proceed against dissolved corporations. For the "known" claims provision to apply, the claims must have been known to the dissolved corporation at the time of dissolution. *See*

11

Mont. Code Ann. § 35-1-936(2). Given that Robinson Insulation dissolved in 1989, Plaintiff's claims against it could not have been known at the time of its dissolution.

(c) The "unknown" claim provision states that "the dissolution of a corporation, including by the expiration of its term, does not take away or impair any remedy available to or against the corporation or its officers, directors, or shareholders for any claim or right, whether or not the claim or right existed or accrued prior to dissolution." Mont. Code Ann. § 35-1-937(1). Liability is limited "to the extent of the undistributed assets" or "if the assets have been distributed in liquidation, against a shareholder of the dissolved corporation to the extent of the shareholder's pro rata share of the claim or the corporate assets distributed to the shareholder in liquidation, whichever is less, but a shareholder's total liability for all claims under this section may not exceed the total amount of assets distributed to the shareholder." *Id.* § 35-1-937(2).

(d) For plaintiffs to have a viable claim against Robinson Insulation, there must either be undistributed corporate assets, shareholders, or shareholder assets. Upon information and belief, Robinson Insulation has no undistributed assets. *See* Exhibit 3. Robinson Insulation only had seven (7) shareholders at the time of its dissolution. *See* Written Consent of Shareholders to Dissolution attached hereto as Exhibit 4. If Plaintiff actually sought to recover

damages caused by Robinson Insulation, the proper parties for Plaintiff to sue would be these shareholders. Upon information and belief, Plaintiff's counsel has never joined, issued summons for, or served any of these individuals in any action based upon asbestos exposure in which International Paper was a defendant. Furthermore, all of the Robinson Insulation Shareholders are deceased, with the last one dying over three (3) years ago. *See* State of Montana Death Records for Robinson Insulation Shareholders attached hereto as <u>Exhibit 5</u>. Remarkably, Plaintiff's counsel has failed to join the estate of any of these shareholders in the instant matter or any previous matter involving allegations of asbestos exposure against International Paper. Any claims against Robinson Insulation expired when the last of its assets disappeared or at the latest upon the probate of its shareholders' estates.

(e) There is no viable Robinson Insulation-related entity or individual who can be sued and thus it was fraudulently joined to this action. Plaintiff's inclusion of Robinson Insulation, but not its shareholders or their estates, underlines the fact that Robinson Insulation was fraudulently joined simply to defeat diversity jurisdiction. *See Tureau v. 2H Inc.*, No. CV 13-2969, 2014 WL 12701025, at *7 (W.D. La. Mar. 14, 2014), *report and recommendation adopted sub nom. Tureau v. 2 H, Inc.*, No. 13-2977, 2014 WL 12701026 (W.D. La. Sept. 30, 2014) (finding there is no possible way of recovering against a defunct

13

corporation if it cannot be served); *See also Joe v. Minnesota Life Ins. Co.*, 257 F. Supp. 2d 845, 850 (S.D. Miss. 2003)(finding fraudulent joinder where Plaintiffs had no good faith intention of prosecuting claim against resident defendants; the court severed the claims of the non-diverse defendant and retained jurisdiction).

(f) Based on available information in this case, it appears that Plaintiff has never had any intention of pursuing a claim against Robinson Insulation. Pursuant to Montana law, her claims against Robinson Insulation must be dismissed as she failed to issue and serve a summons within three (3) of filing her Original Complaint. Furthermore, even if Plaintiff somehow served a dissolved corporation that has no directors or living shareholders, it is impossible for her to recover from Robinson Insulation under Montana law. Because there is no reasonable basis for this Court to predict Plaintiff can recover against Robinson Insulation, its citizenship should be disregarded for jurisdictional purposes.

15. Plaintiff seeks damages in an amount of One Million Eight Hundred Thousand Dollars ($1,800,000.00). Therefore the $75,000 amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

16. Defendant executed an Acknowledgement and Waiver of Service of Summons on July 18, 2017. Therefore, this Notice is timely.

17. A copy of all process, pleadings and orders served upon Defendant in the state court action are attached hereto as <u>Exhibit 6</u>.

WHEREFORE, Defendant International Paper Company respectfully requests that this Notice of Removal and Exhibits hereto be received and filed, and that this action be removed to the United States District Court for the District of Montana, Great Falls Division, with the Eighth Judicial District Court of Cascade County, Montana proceeding no further herein.

Respectfully submitted, this the 17th day of August, 2017.

/s/ Jason T. Holden
Jason T. Holden
Faure Holden Attorneys at Law, P.C.
*Attorneys for International Paper Company*

## CERTIFICATE OF SERVICE

I, Jason T. Holden, one of the attorneys for International Paper Company, do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading electronically and via U. S. Mail to the following:

Roger Sullivan
Allan M. McGarvey
John F. Lacey
McGarvey, Heberling, Sullivan & Lacey, P.C.
345 First Avenue East
Kalispell, MT 59901

This, the 17th day of August 2017.

/s/ Jason T. Holden
Jason T. Holden
Faure Holden Attorneys at Law, P.C.
*Attorneys for International Paper Company*